# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

KENNETH LEE WEINBERG,

   Plaintiff,

v.           CASE NO.  4:09cv202-RH/WCS

PAM HODGES et al.,

   Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff Kenneth Lee Weinberg was detained in the Wakulla County Jail pending a trial and state criminal charges.  He has a hearing deficit and uses hearing aids.  Jail personnel refused to provide batteries, rendering the hearing aids useless.  Mr. Weinberg has sued three individuals—current or former jail employees—on a variety of theories all based on either the jail's refusal to provide batteries or the alleged refusal even to allow friends or relatives to send him batteries.

The defendants have moved for summary judgment.  The motion is before the court on the magistrate judge's report and recommendation, ECF No. 41.  It

recommends that the motion be granted. Mr. Weinberg has filed objections, ECF No. 44. I accept the report and recommendation and grant the summary-judgment motion, though not entirely on the grounds set out in the report and recommendation. I adopt the report and recommendation as the court's opinion except on two issues: the claim that the defendants Newsom and Hodges denied Mr. Weinberg access to the state courts by not providing him a hearing aid that would have allowed him to hear—or to better hear—the courtroom proceedings; and the claim that the defendants were deliberately indifferent to a serious medical need.

I

The First Amendment protects an inmate's or detainee's right of access to the courts in some respects. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996). A jail official cannot properly deny an inmate or detainee access to books or materials that are necessary to meaningful exercise of the right of access.

But a jail official is not responsible for the conduct of court proceedings. The judge is. It was the judge's responsibility to see that Mr. Weinberg could hear or otherwise understand the proceedings in the courtroom. Even a party who cannot hear at all—with or without a hearing aid—has a right to be present and to hear—of otherwise understand—the proceedings.

Mr. Weinberg asserts that the defendant jail officials interfered with his right of access to the courts by interfering with his ability to hear the proceedings in open court. He has no claim against the jail officials on this basis. And even more clearly, this claim is barred by qualified immunity—a doctrine discussed at greater length below.

Mr. Weinberg also asserts, at least in passing, that the denial of batteries interfered with his access to the courts by preventing him from hearing audiotaped evidence in preparation for court proceedings. But he has not shown any actual injury in support of this claim and thus cannot recover on it. The report and recommendation correctly sets out the law supporting this conclusion.

## II

A jail official must not be deliberately indifferent to an inmate's or detainee's serious medical need. The standard that governs a claim for violation of this duty is this:

> To prevail on a claim of deliberate indifference to serious medical need under the Fourteenth Amendment, [a plaintiff] must show: "(1) a serious medical need; (2) the defendant['s] deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306-07 (11th Cir.2009). "A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Id.* at 1307 (internal quotation marks omitted). To prove "deliberate indifference" to that serious medical need, the following must be shown: "(1) subjective knowledge of a

risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence." *Youmans v. Gagnon*, 626 F.3d 557, 564 (11th Cir.2010) (internal quotation marks and brackets omitted).

*Sutherland v. Allison*, No. 10-11673, 2011 WL 412632, at *4 (11th Cir. Feb. 9, 2011).

The Eleventh Circuit apparently has not addressed the question whether a hearing loss that can be remedied with a hearing aid is a serious medical need. Other circuits have held that it may be. *See Cooper v. Johnson*, 255 F. App'x 891 (5th Cir. 2007); *Wheeler v. Butler*, 209 F. App'x 14 (2d Cir. 2006); *Large v. Wash. Cnty. Det. Ctr.*, 915 F.2d 1564 (4th Cir. 1990) (table) (finding no specific authority on hearing aids but listing authority recognizing serious medical need in other corrective devices like eyeglasses and wheelchairs). The view seems correct.

To be sure, not all hearing loss is a serious medical need. *See Chacon v. Ofogh*, No. 7:08cv00046, 2008 WL 4146142, at *3-4 (W.D. Va. Sept. 8, 2008) (rejecting a hearing-aid claim because the plaintiff could "carry on a normal conversation" and the governing policy was not to provide a *free* hearing aid when a prisoner could follow directions); *see also Irby v. Sumnicht*, 683 F. Supp. 2d 913, 915 (W.D. Wis. 2010) (upholding the denial of a *second* hearing aid because the plaintiff did not demonstrate significant pain, substantial interference with daily activities, or a substantial risk of serious harm). Further, not all hearing loss that *is* a serious medical need can be remedied with a hearing aid. And even when a

hearing loss is a serious medical need that can be remedied with a hearing aid, an official who is not aware of the hearing loss or its extent—and thus is not deliberately indifferent to the serious medical need—cannot be held liable based on the failure to provide a hearing aid. *See Washington v. Randall-Owens*, Civ. No. 06-12588, 2007 WL 2713749, at *11 (E.D. Mich. Sept. 17, 2007) (rejecting a claim against an official who confiscated a hearing aid from a prisoner who could not produce a "medical detail or special accommodation notice," the normal means of demonstrating a legitimate medical need).

But sometimes a hearing loss is a serious medical need that can be remedied with a hearing aid. Whether that was so here, and whether the defendants Newsom and Hodges were deliberately indifferent to that need, are disputed issues of fact. I reject the defendants' assertion that Mr. Weinberg has not asserted a claim on this basis. And I reject the assertion that Mr. Weinberg has not provided factual support for the claim that would be sufficient—but for qualified immunity—to go to a jury.

Qualified immunity applies to damages claims against public employees and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 1096, 89 L. Ed. 2d 271 (1986). *See generally Hope v. Pelzer*, 536 U.S. 730, 122 S. Ct. 2508, 153 L. Ed. 2d 666 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d

396 (1982).  Thus a public employee may be held individually liable only if the

employee's conduct violates clearly established law.  Because neither the Supreme

Court nor the Eleventh Circuit has held that hearing loss that may be remedied with

a hearing aid is a serious medical need—and because the law of other circuits on

this issue also is not clear enough to render the issue settled in this circuit even on

the view that other-circuit law can properly be considered—I hold that the

defendants Newsom and Hodges are entitled to summary judgment on this claim

based on qualified immunity.

Mr. Weinberg is no longer in the Wakulla County Jail and thus cannot

properly pursue a claim for declaratory or injunctive relief.  *See, e.g.*, *City of Los

Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983);

*Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1346-47 (11th Cir.

1999).  And he abandoned any official-capacity claim in response to the summary-

judgment motion.  *See* ECF No. 38 at 6 of 57.  The ruling that Mr. Weinberg's

damages claim against the individual defendants is barred by qualified immunity

thus resolves the deliberate-indifference claim in its entirety.

III

For these reasons and those on other issues set out in the report and

recommendation,

IT IS ORDERED:

The defendants' summary-judgment motion, ECF No. 28, is GRANTED.

The clerk must enter judgment stating, "The plaintiff's claims are dismissed with

prejudice."  The clerk must close the file.

SO ORDERED on March 31, 2011.

s/Robert L. Hinkle
United States District Judge